MORSE CHAIN CO., INC., Plaintiff, v. COUNTY OF TOMPKINS, Defendant.— Submission of controversy on an agreed statement of facts pursuant to section 546 of the Civil Practice Act. On August 6, 1930, the common council of the city of Ithaca adopted a resolution that the city elected to furnish old age relief to persons eligible thereto residing in the city pursuant to section 124-b of chapter 387 of the Laws of 1930. At that time the common council consisted of ten councilmen and the mayor. At the meeting at which this resolution was adopted there were present five of the councilmen and the mayor, all of whom voted in favor of the resolution. Beginning January 1, 1931, the city administered its old age relief separate from the county and both the city and the county each received reimbursement therefor from the State of New York. As to administration expenses reimbursement was received by the city beginning September 1, 1930. Nevertheless, the estimates for county old age relief included in the general budget of the county of Tompkins were levied against all taxable property within the county including that within the city and collected in the taxes paid during the years 1930 to 1937. The plaintiff claims that the inclusion of its real property in the city of Ithaca in the tax for county old age relief was illegal, and seeks to recover the portion of taxes it paid for those years which went for the county old age relief. It is contended by the county that the resolution of the common council of the city of Ithaca was not legally adopted because the inclusion of the mayor's vote was necessary to constitute a majority of the membership of such council and that the mayor had no right to vote on this resolution. The

defendant also contended that recovery by the plaintiff is barred because the payments were voluntary, that the two-year Statute of Limitations contained in section 56-b of the Tax Law and the one-year Statute of Limitations of section 6-a of the County Law, as well as the six-year Statute of Limitations contained in subdivision 1 of section 48 of the Civil Practice Act apply. The county also urged that the plaintiff was barred because of laches and that the nine towns of Tompkins county, being all of the county except the city of Ithaca, were the real parties in interest rather than the county itself. Section 124-b of the Public Welfare Law (Laws of 1930, chap. 387) in effect on August 6, 1930, provided in part as follows: " A city forming part of a county public welfare district may, by resolution of its legislative body adopted by majority vote of all of its members, elect to furnish such old age relief to the persons eligible thereto residing in the city. A copy of such resolution shall be filed within ten days after its adoption with the clerk of the county in which such city is located and with the State department." At the same time section 28 of the Charter of the City of Ithaca (Laws of 1908, chap. 503) contains the provision that the mayor and aldermen of the city should constitute the common council, and section 30 of such Charter provided that in the proceedings of the common council each member present should have a vote except the mayor, who shall have only a casting vote when the votes of the other members are tied, except that the mayor should be entitled to vote when a tax or assessment was being ordered. We believe that the establishment of a county welfare district for the city of Ithaca was governed by the provisions of section 124-b of the Public Welfare Law which permitted the city by resolution of its legislative body " adopted by a majority of all its members " to elect to furnish such old age relief. Under this section of the Public Welfare Law the mayor as a member of the legislative body of the city was entitled to vote on this question. Consequently when the resolution was adopted by the affirmative votes of five councilmen and the mayor, this was a sufficient compliance with that section of the Public Welfare Law. The plaintiff should not be compelled to pay both its full share of the old age relief furnished by the city and also to pay a share of that furnished by the county within the nine towns outside of the city. We find no merit in the other defenses of the city. Judgment rendered in favor of plaintiff against the defendant, in accordance with stipulation, in the sum of one thousand six hundred and twenty dollars and twelve cents, with costs. All concur.